POMERANTZ LLP
Jennifer Pafiti (SBN 282890)
Jeremy A. Lieberman (*pro hac vice application forthcoming*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York   10016
Telephone:   (212) 661-1100
Email:       jpafiti@pomlaw.com
             jalieberman@pomlaw.com
             avan@pomlaw.com

*Counsel for Lead Plaintiffs*

— additional counsel on signature page —

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE PETERS, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>COLONY CREDIT REAL ESTATE, INC., F/K/A COLONY NORTHSTAR CREDIT REAL ESTATE, INC., RICHARD B. SALTZMAN, KEVIN P. TAENKLE, SUJAN S. PATEL, NEALE W. REDINGTON, CATHERINE D. RICE, FRANK V. SARACINO, VERNON B. SCHWARTZ, DARREN J. TANGEN, JOHN E. WESTERFIELD, AND WINSTON W. WILSON,<br><br>                              Defendants. | Case No. 2:20-CV-08305-PSG-PVC<br><br>**NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge:      Hon. Philip S. Gutierrez<br>Courtroom: 6A<br>Hr'g Date: June 7, 2021<br>Time:        1:30 p.m. |

Lead Plaintiffs Philip Nuccetelli, Alan Cohen, and Roger Martyna, and Plaintiff Terrence Peters (together, the "Plaintiffs") hereby request that this Court deem certain documents to be incorporated by reference in Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint" or "AC") under the incorporation by reference doctrine.  Full, non-excerpted copies of these publicly-available documents are attached to the accompanying Declaration of Terrence W. Scudieri, Jr. (the "Scudieri Decl.") as Exhibits A–H to the Scudieri Declaration. This request is made in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss.

## I.      LEGAL STANDARD

On a motion to dismiss, courts may "consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original), *abrogated on other grounds by S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008).  Incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019)).  A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*  Even a single reference suffices for the purpose of incorporation by reference if the referenced document "forms the basis of the plaintiff's claim." *Id.*  A document "forms the basis of the plaintiff's claim" where a "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

"Once a document is deemed incorporated by reference, the *entire document* is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (emphasis added) (internal quotation marks and citation omitted).

## II.   ARGUMENT

The purpose of the incorporation-by-reference doctrine is to prevent parties "from selecting only portions of the documents that support their claims." *Khoja*, 899 F.3d at 1002. In their Notice, Defendants represent that Exhibits A–C, E, G, J, and L to the Declaration of Matthew W. Close dated March 3, 2021 (ECF No. 45-3) (the "Close Decl.") are fair and accurate representations of the documents as they were filed with the SEC. *See* Defs.' Req. at 3–5. As the Close Declaration makes clear, however, Defendants have filed mere "*excerpts of* a true and correct copy of" each such document. *See* Close Decl. ¶¶ 2–4, 8, 11, 13 (emphasis added). Where documents are heavily excerpted, courts routinely conclude that they "are insufficiently reliable to be considered" on a motion to dismiss. *Cederberg v. Wash. Cnty. Consol. Commc'ns Agency*, No. 3:18-cv-02044-HZ, 2019 WL 2929505, at *5 (D. Or. July 8, 2019) (citing *Khoja*, 899 F.3d at 1003).

The better approach—that which has been expressly approved by the Ninth Circuit—is to consider "the *entire document*," not merely those excerpts that Defendants have cherry-picked for the Court's consideration. *NVIDIA*, 768 F.3d at 1058 n.10. Because Defendants have provided mere excerpts of the public filings at issue, Plaintiffs respectfully request that the Court deem the following complete documents to be incorporated by reference:

1.    **Exhibit A**:   A true and correct copy of a document titled "Amendment No. 1 to Form S-4 Registration Statement under the Securities Act of 1933," filed by

Colony NorthStar Credit Real Estate, Inc. with the U.S. Securities & Exchange Commission (the "SEC") on or about December 4, 2017, including all exhibits thereto.

2. **Exhibit B**: A true and correct copy of a document titled "Form 10-Q Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended March 31, 2018," filed by Colony NorthStar Credit Real Estate, Inc. with the SEC on or about May 15, 2018, including all exhibits thereto.

3. **Exhibit C**: A true and correct copy of a document titled "Form 10-Q Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended June 30, 2018," filed by Colony Credit Real Estate, Inc. with the SEC on or about August 9, 2018, including all exhibits thereto.

4. **Exhibit D**: A true and correct copy of a document titled "Form 10-Q Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended September 30, 2018," filed by Colony Credit Real Estate, Inc. with the SEC on or about November 9, 2018, including all exhibits thereto.

5. **Exhibit E**: A true and correct copy of a document titled "Form 10-K Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended December 31, 2018," filed by Colony Credit Real Estate, Inc. with the SEC on or about March 1, 2019, including all exhibits thereto.

6. **Exhibit F**: A true and correct copy of a document titled "Form 10-Q Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended March 31, 2019," filed by Colony Credit Real Estate, Inc. with the SEC on or about May 9, 2019, including all exhibits thereto.

7. **Exhibit G:** A true and correct copy of a document titled "Form 10-Q Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended June 30, 2019," filed by Colony Credit Real Estate, Inc. with the SEC on or about August 8, 2019, including all exhibits thereto.

8.     **Exhibit H:** A true and correct copy of a document titled "Form 10-Q Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the quarterly period ended September 30, 2019," filed by Colony Credit Real Estate, Inc. with the SEC on or about November 8, 2019, including all exhibits thereto.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deem Exhibits A through H to the Scudieri Declaration to be incorporated by reference.

Dated:  April 26, 2021

Respectfully submitted,

POMERANTZ LLP

/s/ Austin P. Van
Jennifer Pafiti
1100 Glendon Avenue, 15th Floor
Los Angeles, California  90024
Telephone:  (310) 405-7190
Facsimile:  (917) 463-1044
Email:  jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice application*
 *forthcoming*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

Peretz Bronstein
BRONSTEIN, GEWIRTZ &
    GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York  10165
Telephone:  (212) 697-6484
Facsimile:  (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Lead Plaintiffs*