POMERANTZ LLP
Jennifer Pafiti (SBN 282890)
Jeremy A. Lieberman (*pro hac vice application forthcoming*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York   10016
Telephone:   (212) 661-1100
Email:       jpafiti@pomlaw.com
             jalieberman@pomlaw.com
             avan@pomlaw.com

*Counsel for Lead Plaintiffs*

— additional counsel on signature page —

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE PETERS, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-CV-08305-PSG-PVC |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| COLONY CREDIT REAL ESTATE, INC., F/K/A COLONY NORTHSTAR CREDIT REAL ESTATE, INC., RICHARD B. SALTZMAN, KEVIN P. TAENKLE, SUJAN S. PATEL, NEALE W. REDINGTON, CATHERINE D. RICE, FRANK V. SARACINO, VERNON B. SCHWARTZ, DARREN J. TANGEN, JOHN E. WESTERFIELD, AND WINSTON W. WILSON, | Judge:        Hon. Philip S. Gutierrez<br>Courtroom:  6A<br>Hr'g Date:  June 7, 2021<br>Time:         1:30 p.m. |
| Defendants. | |

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS
NO. 2:20 CV 08305 PSG PVC

Before the Court is a Motion to Dismiss (the "Motion") brought pursuant to Rule 12(b)(6) by Defendants Colony Credit Real Estate, Inc. f/k/a Colony NorthStar Credit Real Estate, Inc., Richard B. Saltzman, Kevin P. Traenkle, Sujan S. Patel, Neale W. Redington, Catherine D. Rice, Frank V. Saracino, Vernon B. Schwartz, Darren J. Tangen, John E. Westerfield, and Winston W. Wilson (the "Defendants") seeking dismissal of the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") filed by Plaintiffs Philip Nuccetelli, Alan Cohen, Roger P. Martyna, and Terrence Peters (the "Plaintiffs").

Having considered the pleadings and papers submitted in support of and in opposition to the Motion, the Court concludes that the Amended Complaint adequately states a claim under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, *codified as amended*, 15 U.S.C. §§ 78j(b), 78t(a), and that the particularity requirements of the Private Securities Litigation Reform Act, *codified as amended*, 15 U.S.C. § 78u–4(b)(2) are satisfied.

*First*, the Amended Complaint adequately pleads reliance for statements that the Company allegedly made in its Registration Statement. "A presumption of reliance is generally available under *Affiliated Ute* for plaintiffs alleging violations of Section 10(b) and Rule 10b–5 based on 'omissions of material fact.'" *In re Volkswagen 'Clean Diesel' Mktg., Sales Pracs., & Prods. Liab. Litig.*, 328 F. Supp. 3d 963, 973 (N.D. Cal. 2018) (quoting *Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999)). Accordingly, "*Affiliated Ute* allows reliance to be presumed 'when the information withheld is material.'" *Id.* (quoting *Desai v. Deutsche Bank Sec. Litig.*, 573 F.3d 931, 941 (9th Cir. 2009)).

*Second*, the Amended Complaint adequately pleads reliance for statements that the Company made in all subsequent SEC filings during the putative class period. The Amended Complaint claims that Defendant Colony Credit Real Estate, Inc.'s ("Colony Credit") shares traded in an efficient market and that members of the putative Class

relied on that market efficiency, thus invoking the *Basic* presumption of reliance. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 247 (1988)). Specifically, the Amended Complaint alleges that the "Company's securities trade in an efficient market on the New York Stock Exchange under the ticker symbol 'CLNC,'" and that "Plaintiffs and members of the [putative] Class have suffered damages in that, in reliance on the Defendants' statements and the integrity of the market, they paid artificially inflated prices for Colony Credit's securities," and would not have done so "if they had been aware that the market prices of Colony Credit's securities had been artificially and falsely inflated by the Defendants' false and misleading statements." Accordingly, under the presumption of reliance in *Basic*, the AC adequately pleads reliance for statements made after the Registration Statement. *See In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1198–99 & n.80 (C.D. Cal. 2008) (citing *Basic*, 485 U.S. at 247).

*Third*, the Amended Complaint sufficiently pleads that Defendants knew that the true valuation of certain Loans secured by a certain Hotel property in the Company's portfolio were significantly less than $260 million, Defendants failed to disclose this information to investors, and Defendants instead routinely overvalued the Loans at each reporting period throughout the Class Period. "[O]nce a company speaks on an issue or topic, there is a duty to tell the whole truth, even when there is no existing independent duty to disclose information on the issue or topic." *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2d Cir. 2016) (internal quotation marks and citations omitted) (alterations adopted); *see also Warshaw v. Xoma Corp.*, 74 F.3d 955, 959 (9th Cir. 1996) (holding that Company's reassuring investors that FDA approval process was going well, when Company knew FDA approval would never materialize, was materially misleading). None of the alleged misstatements was accompanied by the requisite "'meaningful' cautionary language" that would entitle Defendants to the statutory safe harbor protection. *In re SeeBeyond Techs. Corp. Sec. Litig.*,

266 F. Supp. 2d 1150, 1167 (C.D. Cal. 2003). The Company's boilerplate risk disclosures in its SEC filings are insufficient. *See id.* at 1165 n.8. ("[C]ourts and Congress have made clear that mere boilerplate cautionary language will not do."). Instead, "'[t]he cautionary language must, within context, be meaningful; boilerplate generalized warnings do not suffice to balance specific predictions.'" *Id.* at 1165 (quoting *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1142 (N.D. Cal. 2002)).

*Fourth*, the Amended Complaint adequately pleads scienter. Defendants made numerous, specific statements indicating that they knew or were reckless in not knowing the Company's valuations of the Hotel Loans. Moreover, the nature of what Defendants allegedly misrepresented—the value of one of the Company's largest assets, was indeed so central to the Company's operations that it would be absurd to suggest that Defendants did not know about it. *See Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 988 (9th Cir. 2008); *No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 943 (9th Cir.), *cert. denied*, 540 U.S. 966 (2003).

*Fifth*, because Plaintiffs' Section 10(b) claim is sustained, Defendants' sole argument for dismissing Plaintiffs' Section 20(a) claim fails, and that claim is likewise sustained. *See Am. W.*, 320 F.3d at 945 (Section 20(a) creates joint and several liability for control persons who aid and abet violations of Section 10(b)).

**NOW, THEREFORE**, the Defendants' Motion to Dismiss is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: _____, 2021

_____
The Honorable Philip S. Gutierrez
Chief U.S. District Judge