MATTHEW W. CLOSE (S.B. #188570)
mclose@omm.com
BRITTANY ROGERS (S.B. #274432)
brogers@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE PETERS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLONY CREDIT REAL ESTATE, INC., F/K/A/ COLONY NORTHSTAR CREDIT REAL ESTATE, INC., RICHARD B. SALTZMAN, KEVIN P. TRAENKLE, SUJAN S. PATEL, NEALE W. REDINGTON, CATHERINE D. RICE, FRANK V. SARACINO, VERNON B. SCHWARTZ, DARREN J. TANGEN, JOHN E. WESTERFIELD, and WINSTON W. WILSON,<br><br>Defendants. | Case No. 2:20-cv-08305-PSG-PVC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: 6A<br>Hrg. Date: June 11, 2021<br>Time: 1:30 p.m. |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ......................................................................................................... 1

    A.      Plaintiffs fail to plead reliance on any of the alleged misstatements. .............................................................................. 1

    B.      Plaintiffs fail to allege an actionable misrepresentation or omission. ....................................................................................... 4

        1.      The Complaint fails to state a claim based on statements about the value of the Row Hotel or the Row Hotel Loans. ...... 4

            a.      The Registration Statement accurately disclosed the value of the Row Hotel Loans. .......................................... 4

            b.      Defendants' post-merger statements about the value of the Row Hotel were not false or misleading. ............... 5

            c.      Defendants' statements about fair value are statements of opinion, and Plaintiffs have not pleaded sufficient facts for opinion liability. ................... 8

        2.      The Complaint does not adequately allege that Defendants misstated or omitted material information about the Row Hotel or the hospitality industry ........................ 9

        3.      Statements about future risks and impairments are inactionable opinions and protected forward-looking statements. ................................................................... 9

    C.      Plaintiffs fail to plead a strong inference of scienter. ........................ 10

    D.      The Complaint's Section 20(a) claim also fails. ................................ 12

III.    CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Affiliated Ute Citizens v. United States*,
406 U.S. 128 (1972) ........................................................................................3

*Berson v. Applied Signal Technology, Inc.*,
527 F.3d 982 (9th Cir. 2008) ........................................................................12

*Binder v. Gillespie,*
184 F.3d 1059 (9th Cir.1999) ......................................................................2, 3

*Burr v. Equity Bancshares, Inc.*,
2020 WL 6063558 (S.D.N.Y. Oct. 14, 2020) ...........................................8, 9, 10

*Camp v. Qualcomm Inc.*,
2020 WL 1157192 (S.D. Cal. Mar. 10, 2020)................................................2

*Carr v. Int'l Game Tech.,*
2012 WL 909437 (D. Nev. Mar. 16, 2012)....................................................4

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align
Tech., Inc.*,
65 F. Supp. 3d 840 (N.D. Cal. 2014)......................................................7, 8, 10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align
Tech., Inc.*,
856 F.3d 605 (9th Cir. 2017) ................................................................7, 8, 11

*Crago v. Charles Schwab & Co.*,
2017 WL 2540577 (N.D. Cal. June 12, 2017) ..............................................3

*Davis v. SPSS, Inc.*,
385 F. Supp. 2d 697 (N.D. Ill. 2005)..............................................................2

*Desai v. Deutsche Bank Sec. Ltd.*,
573 F.3d 931 (9th Cir. 2009) ...........................................................................3

*George v. Cal. Infrastructure & Econ. Dev. Bank*,
2010 WL 2383520 (E.D. Cal. June 10, 2010).................................................4

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In re Connetics Corp. Sec. Litig.*,
542 F. Supp. 2d 996 (N.D. Cal. 2008)............................................................2

*In re Cutera Sec. Litig.*,
610 F.3d 1103 (9th Cir. 2010) .....................................................................10

*In re Lernout & Hauspie Sec. Litig.*,
208 F. Supp. 2d 74 (D. Mass. 2002)...........................................................12

*In re Qwest Commc'ns Int'l, Inc.*,
396 F. Supp. 2d 1178 (D. Colo. 2004) ........................................................12

*In re Silver Wheaton Corp. Sec. Litig.*,
2017 WL 2039171 (C.D. Cal. May 11, 2017).................................................3

*In re Twitter, Inc. Sec. Litig.*,
2020 WL 7260479 (N.D. Cal. Dec. 10, 2020) ................................................5

*In re VeriFone Holdings, Inc. Sec. Litig.*,
704 F.3d 694 (9th Cir. 2012) .........................................................................1

*In re VeriSign, Inc. Sec. Litig.*,
2005 WL 88969 (N.D. Cal. Jan. 13, 2005) .....................................................2

*In re VISX, Inc. Sec. Litig.*,
2001 WL 210481 (N.D. Cal. Feb. 27, 2001), *aff'd sub nom.*
*Gompper v. VISX, Inc.,* 298 F.3d 893 (9th Cir. 2002)....................................6

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab.*
*Litig.*,
328 F. Supp. 3d 963 (N.D. Cal. 2018).............................................................4

*In re Wet Seal, Inc. Securities Litigation*,
518 F. Supp. 2d 1148 (C.D. Cal. 2007).......................................................8, 9

*Kelly v. Elec. Arts, Inc.*,
71 F. Supp. 3d 1061 (N.D. Cal. 2014).............................................................2

*Loritz v. Exide Techs.*,
2015 WL 6790247 (C.D. Cal. July 21, 2015) .................................................3

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v.*
   *America West Holding Corp.*,
   320 F.3d 920 (9th Cir. 2003) ................................................................12

*Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*,
   774 F.3d 598 (9th Cir. 2014) ...........................................................1, 11

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*,
   142 F. Supp. 2d 589 (D.N.J. 2001) ......................................................12

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
   759 F.3d 1051 (9th Cir. 2014) ..............................................................12

*Reidinger v. Zendesk, Inc.*,
   2021 WL 796261 (N.D. Cal. Mar. 2, 2021) .........................................11

*S. Ferry LP, No. 2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) ................................................................11

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   802 F. Supp. 2d 1125 (C.D. Cal. 2011) ..................................................9

*Waggoner v. Barclays PLC*,
   875 F.3d 79 (2d Cir. 2017) .....................................................................3

*Wanca v. Super Micro Computer, Inc.*,
   2018 WL 3145649 (N.D. Cal. June 27, 2018) ........................................2

## I. INTRODUCTION

The Opposition does nothing to address the Complaint's shortcomings: Plaintiffs still fail to plead that they relied on any alleged misstatement, still fail to plead an actionable misstatement, and still fail to plead particularized facts giving rise to the requisite strong inference of scienter. The Opposition merely repeats the Complaint's contradictory and conclusory allegations, ignores facts and authorities that foreclose Plaintiffs' claims, and continues to rely on incomplete quotations. Plaintiffs do not even bother to defend some of their fraud allegations in the face of Defendants' arguments. The Court should dismiss the Complaint in its entirety.

## II. ARGUMENT

While the Opposition's "standard" section quotes from cases discussing Rule 8 pleading requirements, Rule 8 is not the applicable standard here. (*See* Opp. at 7.) "Securities fraud class actions must meet the higher, exacting pleading standards of Federal Rule of Civil Procedure 9(b) and the [PSLRA]." *Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014). "These requirements present no small hurdle for the securities fraud plaintiff." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012).[1]

### A. Plaintiffs fail to plead reliance on any of the alleged misstatements.

Plaintiffs do not allege that they relied on any of the challenged statements. (*See* Mot. at 6–8.) Although Plaintiffs claim that their Complaint pleads reliance on Colony Credit's Registration Statement (*see* Opp. at 7, citing Compl. ¶¶ 103–04, 106), none of the three cited Complaint paragraphs alleges that Plaintiffs even considered, much less relied on, any statements by Defendants.

Plaintiffs cannot dispute that they could not have acquired their shares in the January 31, 2018 merger while relying on statements that would not be made until months later. Plaintiffs argue that they can avoid dismissal by alleging that they

---

[1] Defendants follow the same citing conventions as in their opening brief.

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

want to represent investors who acquired their shares later, in the market. (*See* Opp. at 9–11.)  But the cases they cite in support of this piggybacking "address challenges to investors' standing under Article III, whereas here Defendants are asserting that these statements as pled are not actionable." *Camp v. Qualcomm Inc.*, 2020 WL 1157192, at *4 (S.D. Cal. Mar. 10, 2020).[2]  The issue here is not standing, or the propriety of class certification, but "whether Plaintiff[s] may pursue claims based on post-purchase statements as a matter of law." *Wanca v. Super Micro Computer, Inc.*, 2018 WL 3145649, at *7 (N.D. Cal. June 27, 2018).  They cannot.  *See, e.g.*, *id.* (granting motion to dismiss because "Plaintiff cannot . . . pursue claims based on the statements allegedly made after his stock purchase"); *Camp*, 2020 WL 1157192, at *4 (granting motion to dismiss because the "Ninth Circuit has held that actionable statements are limited to those made before the plaintiff purchased the relevant stock"); *Kelly v. Elec. Arts, Inc.*, 71 F. Supp. 3d 1061, 1069–70 (N.D. Cal. 2014) ("Because lead plaintiffs cannot plead Section 10(b) reliance as to the five purported misstatements that post-date their [] stock purchase, those statements are inactionable as a matter of law." (citing *Binder v. Gillespie,* 184 F.3d 1059, 1066 (9th Cir.1999)).  Simply put, "Plaintiff[s] may not save the claim from dismissal by claiming to state it on behalf of *other* investors." *Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 707 (N.D. Ill. 2005).

While Plaintiffs do challenge a few statements made in the Registration Statement—before they acquired their shares—they do not plead that they even read the Registration Statement, much less relied on its contents.  Plaintiffs do not

---

[2] Plaintiffs cite (Opp. at 10–11) only standing cases.  *See, e.g.*, *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1002–04 (N.D. Cal. 2008) (addressing whether plaintiff had "Article III standing sufficient to invoke the court's jurisdiction"); *In re VeriSign, Inc. Sec. Litig.*, 2005 WL 88969, at *3 (N.D. Cal. Jan. 13, 2005) ("Defendants' Motion rests upon issues of standing.").

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

suggest they are entitled to a fraud-on-the market presumption of reliance for those pre-trading statements but instead request the equally inapplicable reliance presumption of *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972). (*See* Opp. at 8–9.) As the Motion explained, the *Affiliated Ute* presumption applies only to pure omissions—i.e., where an omission is actionable not because it made a statement misleading but because the defendant had an independent, affirmative disclosure obligation. (*See* Mot. at 8.) Here, Plaintiffs concede that their claim stems from statements supposedly rendered misleading by omitted facts, not from any failure to disclose required facts. (*See* Opp. at 1 ("Colony Credit repeatedly ***made affirmative statements*** . . . ."); *id.* at 8 (explaining that the Complaint "alleges that the Registration Statement ***made statements*** that were materially misleading primarily by omission")." ) The presumption therefore does not apply.

The rationale for the *Affiliated Ute* presumption is that with only an omission and no allegedly misleading statement, "reliance as a practical matter is ***impossible*** to prove." *Waggoner v. Barclays PLC*, 875 F.3d 79, 95 (2d Cir. 2017). The Ninth Circuit therefore limits the *Affiliated Ute* presumption "to cases that can be characterized as primarily alleging omissions." *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 940 (9th Cir. 2009) (per curiam). "The Ninth Circuit imposes this limit because of the "difficulty of proving 'a speculative negative'—that the plaintiff relied on ***what was not said***." *Loritz v. Exide Techs.*, 2015 WL 6790247, at *20 (C.D. Cal. July 21, 2015) (quoting *Binder*, 184 F.3d at 1064, and rejecting presumption). Merely claiming an "omission" is insufficient: "Any false statement might also be portrayed as a failure to disclose the truth, but that does not render it an omission in the sense that the term is used in *Affiliated Ute* and its progeny." *In re Silver Wheaton Corp. Sec. Litig.*, 2017 WL 2039171, at *12 (C.D. Cal. May 11, 2017) (rejecting presumption); *Crago v. Charles Schwab & Co.*, 2017 WL 2540577, at *8 (N.D. Cal. June 12, 2017) ("This recasting of misrepresentations as omissions of the truth does not entitle plaintiffs to the *Affiliated Ute* presumption.");

- 3 -

*Carr v. Int'l Game Tech.,* 2012 WL 909437, at *5 (D. Nev. Mar. 16, 2012) (rejecting presumption where plaintiffs "attempt to style the alleged misrepresentations as failures to disclose the truth of the [company's] financial health" but "primarily complain of inflated and overly optimistic press releases and growth projections"); *George v. Cal. Infrastructure & Econ. Dev. Bank*, 2010 WL 2383520, at *6 (E.D. Cal. June 10, 2010) (presumption inapplicable to "mixed case of misstatements and omissions").[3]

### B. Plaintiffs fail to allege an actionable misrepresentation or omission.

#### 1. The Complaint fails to state a claim based on statements about the value of the Row Hotel or the Row Hotel Loans.

Plaintiffs' falsity theory is based on a fiction: Though they claim that Defendants knew in January 2018 that the Row Hotel was worth less than the $260 million value of the original Row Hotel Loans (*see* Opp. at 1), they cite no particularized factual allegations to suggest that the "correct" value of the Row Hotel was less than $260 million at the time, let alone that Defendants knew it.

##### a. The Registration Statement accurately disclosed the value of the Row Hotel Loans.

While Plaintiffs contend that they were defrauded because Colony Credit, allegedly using the Row Hotel's 2018 budget forecast, improperly valued the Row Hotel Loans in the Registration Statement (*see* Opp. at 1), this theory ignores Plaintiffs' own allegations. According to Plaintiffs, the Complaint "clearly alleges that ***the Hotel*** conducted this analysis ***at the beginning of the year***" (*id.* at 13)—but a budget forecast prepared at the beginning of 2018 could not have been factored into the Registration Statement, which was filed in ***December 2017*** (*see* Compl.

---

[3] Plaintiffs cite *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 328 F. Supp. 3d 963 (N.D. Cal. 2018), but the plaintiff there alleged actual reliance so the Court did not even reach *Affiliated Ute. See id.* at 978.

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

¶ 102). Plaintiffs do not even plead that the Hotel had provided Defendants with the budget forecast by the time they filed an amendment to the Registration Statement on January 31, 2018. The earliest reference to the forecast Plaintiffs cite is a statement **in August**. (*Id.* ¶ 68; *see also* Opp. at 13–14 (arguing that Defendant "Patel himself made clear that he received it" because he referred to it in August).)

Even if the Hotel did provide its 2018 forecast to Colony Credit between "the beginning of the year" and January 31, Plaintiffs do not plead that the Company valued the Row Hotel in that window. While Plaintiffs note that the Company assessed loan-loss reserves at least quarterly, they ignore that a quarter is three months long and offer no reason to think that the Company assessed the Row Hotel Loan in the relevant period. (*See* Opp. at 14 (speculating only that "the Company had to have received [the budget] in the first quarter of 2018 [which ended on March 31, 2018] in order to conduct its quarterly valuations").) Because Plaintiffs fail to plead that Defendants saw the Hotel's budget before any pre-Registration Statement valuation, they cannot "suggest that defendants' statements directly contradicted what they plausibly **knew at the time**," dooming their claims. *In re Twitter, Inc. Sec. Litig.*, 2020 WL 7260479, at *12 (N.D. Cal. Dec. 10, 2020).

### b.    Defendants' post-merger statements about the value of the Row Hotel were not false or misleading.

Contrary to Plaintiffs' claims, nothing about the Hotel's 2018 budget suggests that Defendants' 2018 statements were inaccurate or that the timing of the Company's impairments was not appropriate. As an initial matter, Plaintiffs do not plead that any of the outside directors named as Defendants was involved in the Row Hotel post-merger statements or valuation assessments. But Plaintiffs' theory fails anyway. Plaintiffs simplistically suggest that because the Hotel's 2018 income was 70% higher than the budget forecasted, the Hotel's value at the time the budget was created must have been 70% lower and Defendants therefore committed fraud by not taking a loan impairment earlier. (*See* Opp. at 16–17.)

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

But as Defendants have explained, Colony Credit's loan interests are not valued by a single-year's income forecast of the borrower's business, in part because of the inevitable variances between a single year's forecast and actual results.  (Mot. at 11–12.)  After all, according to Plaintiffs, the Row Hotel owners' 2018 income forecast proved to be lower than the Hotel's ultimate performance.  And while Plaintiffs contend that how the Company valued the Row Hotel is a "factual dispute" that the Court cannot assess on this motion (Opp. at 14–15), this "argument misapprehends the PSLRA's pleading standard."  *In re VISX, Inc. Sec. Litig.*, 2001 WL 210481, at *7 (N.D. Cal. Feb. 27, 2001) (granting motion to dismiss), *aff'd sub nom. Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002).  To survive this motion, Plaintiffs must plead particularized facts from which the Court can ***plausibly*** infer that Colony Credit—a financial services company managing more than $7 billion of assets (Ex. B at 141)—used Plaintiffs' unusual and facile valuation approach.  Plaintiffs allege no facts, and cite no public statements or internal company documents, to plausibly show that Colony Credit valued its loans or the borrowers' underlying assets based on a single year's forecasted income.

Plaintiffs argue that the Company must have valued the Hotel "by relying almost entirely on one variable (i.e., net operating income)" because the Registration Statement stated that the "direct capitalization approach" is an appropriate valuation methodology.  (*See* Opp. at 11–12 & n.3.)  But Plaintiffs do not plead that Defendants actually used that methodology.  Indeed, Plaintiffs do not mention "direct capitalization" in the Complaint and instead claim fraud based on "the value of the Hotel as determined using a discounted cash flow analysis" (Compl. ¶ 52), which they do not dispute relies on multiple variables.  And Plaintiffs concede that the Registration Statement told investors that a discounted cash flow analysis is also an "'appropriate' method[] of valuing properties like the Hotel." (Opp. at 14.)  Courts recognize that there are multiple acceptable valuation methodologies, which is why "fair market value is a subjective assessment, and

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

there may be a range of prices with reasonable claims to being fair market value." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 852 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017).

In any event, the direct-capitalization approach does not yield Plaintiffs' suggested correlation between the Hotel's single-year budgeted income and its value. Plaintiffs say that "the variable for that calculation is the Company's NOI, calculated in the January 2018 forecast." (Opp. at 13.) This makes no sense—it is the Row Hotel's income that is relevant—but assuming that is what Plaintiffs meant, the Complaint paragraphs they cite in support do not say that. And it is again just speculation by Plaintiffs: the calculation could just as easily use the previous year's actual income or an average of historical or future income over a period of years. Plaintiffs also concede that the capitalization rate fluctuates, further muddying any connection between the Hotel's value and a single year's revenue projection. (*See* Opp. at 5 (acknowledging range of disclosed capitalization rates).) Plaintiffs simply have not pleaded particularized facts making it plausible that in the early weeks of 2018, before Plaintiffs acquired their shares, Defendants used the direct-capitalization method to value the Row Hotel Loans, much less that Defendants did so using the exact inputs Plaintiffs theorize.

Plaintiffs' complaint that Defendants should have taken an impairment on the Row Hotel Loans earlier also fails because the decision to take an impairment is based on more than just a valuation of the collateral—under any methodology. As the Company repeatedly told investors, when analyzing whether to record an impairment, it considered various factors, including cash reserves, the ability of the borrower to refinance the loan, the loan guarantors, and the borrower's competency in managing and operating the collateral properties. (*See, e.g.*, Ex. B at 125.) That is just what the Company did, telling investors when it impaired the Row Hotel Loans in the third quarter of 2018 that the decision was based on a "weighted average probability analysis of potential resolutions," not on a single collateral

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

valuation.  (Compl. ¶ 73.)  Plaintiffs' differing view of the ***Row Hotel's*** value does not provide a basis to infer that Defendants thought they should have impaired the Row Hotel ***Loans*** earlier but chose not to.  And Plaintiffs do not dispute that three different accounting firms audited the Company's financial statements and offered clean opinions.  (*See* Mot. at 15.)  That the Company and Plaintiffs formed different opinions, in hindsight, does not amount to fraud.  *See Align Tech.*, 65 F. Supp. 3d at 853 ("Plaintiff's explanations of its own selection of factors and multipliers under the [] income approaches speak volumes to the inherent degree of subjectivity that goes into this subjective, multi-factored test.").

          **c.**      **Defendants' statements about fair value are statements of opinion, and Plaintiffs have not pleaded sufficient facts for opinion liability.**

Plaintiffs allege no facts to suggest that Defendants knew anything that undermined their valuations of the Row Hotel and the Row Hotel Loans or that they lacked a reasonable belief in those valuations.  (*See* Mot. at 15–17.)  Lacking such facts, Plaintiffs have failed to plead falsity for Defendants' opinions about value.  *See Align Tech.*, 856 F.3d at 619 (rejecting opinion liability for valuation where "Plaintiff cannot demonstrate that Defendants were aware of additional facts and circumstances that would have indicated that the fair value . . . may be less than its carrying amount" (original alterations omitted)).

Citing *Burr v. Equity Bancshares, Inc.*, 2020 WL 6063558 (S.D.N.Y. Oct. 14, 2020), and *In re Wet Seal, Inc. Securities Litigation*, 518 F. Supp. 2d 1148 (C.D. Cal. 2007), the Motion explained that allowances for loan losses and fair value are opinions, and Plaintiffs cannot plead fraud simply because hindsight proved those opinions wrong.  (*See* Mot. at 16.)  Plaintiffs' attempt to distinguish *Burr* relies on the same inappropriate editing techniques as their Complaint.  They argue that *Burr* is distinguishable because the court found that the defendant "was forthright with investors" (*see* Opp. at 18), but they cut the quote short: The court found that the defendant "was forthright with investors ***that its assessment of***

- 8 -

*allowances for loan losses involved a subjective, multi-factor inquiry.*" *Burr*, 2020 WL 6063558, at *6. Colony Credit did the same here. (*See* Mot. at 13–14.)

Plaintiffs try to distinguish *Wet Seal* by arguing that the plaintiffs there disagreed not with the asset's value but with the timing of a company's impairments based on changed circumstances. (*See* Opp. at 18–19.) But Plaintiffs do not explain why this distinction matters. Regardless of whether the consideration is one of value or circumstances, the decision to record an impairment or not is an accounting judgment based on several subjective inputs and projections—that is, an opinion. Plaintiffs' contention that the Company's "estimates proved in hindsight to be too optimistic" falls "well short of the particularity required by the PSLRA." *Wet Seal*, 518 F. Supp. 2d at 1162.

**2.      The Complaint does not adequately allege that Defendants misstated or omitted material information about the Row Hotel or the hospitality industry.**

Plaintiffs do not respond to Defendants' arguments about the challenged statements concerning the Row Hotel's guests, trends in the hospitality industry, the sale of the Row Hotel, and appraisals. (*See* Mot. at 17–21.) By failing to respond, Plaintiffs effectively concede that these statements are inactionable. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment.").

**3.      Statements about future risks and impairments are inactionable opinions and protected forward-looking statements.**

Defendant Traenkle's statement about the risks of future impairments is an inactionable opinion and protected by the PSLRA's safe harbor. (*See* Mot. at 21.)

***Inactionable Opinion.*** The Opposition does not contest that Traenkle's statement about impairment risks are opinions, and Plaintiffs offer no particularized, contemporaneous factual support for their suggestion that his opinion did not align with the information in his possession at the time. (*See* Opp.

DEFS' REPLY ISO MOT. TO DISMISS
                                       2:20-CV-08305-PSG-PVC

at 19.)  Plaintiffs likewise have not "plausibly alleged subjective falsity or an obligation to disclose more facts concerning the corporation's knowledge or inquiry." *Burr*, 2020 WL 6063558, at *7.

*Forward-Looking.*  Traenkle's statement is also protected by the PSLRA safe harbor. *See Align Tech.*, 65 F. Supp. 3d at 853 ("Recognition of an impairment involves an accounting judgment about the future.").  While Plaintiffs assert that Traenkle's statement concerned a then-existing or historical risk, they contradict themselves by conceding that he was explicitly commenting on the risks of "***future*** impairments." (Opp. at 19.)  He is not required to predict the future accurately.

Though Plaintiffs contend that Colony Credit's risk disclosures were insufficient to qualify for protection under the PSLRA safe harbor, they offer no substantive argument in support.  (*See id.*)  The cautionary language was meaningful and included the specific risks that ultimately materialized, so Traenkle's forward-looking statement is inactionable.  (*See* Mot. at 22–23.)  Plaintiffs also do not allege with particularity that Traenkle **knew at the time** that Colony Credit would take additional impairments on the Row Hotel Loans.  So his statement about future impairments would have been protected even without cautionary language. *See In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112–13 (9th Cir. 2010) (two safe-harbor prongs are disjunctive).

**C.  Plaintiffs fail to plead a strong inference of scienter.**

The Motion showed why the Complaint's sparse scienter allegations fail to yield the requisite strong inference of scienter (*see* Mot. at 23–25), and Plaintiffs' three arguments (Opp. at 21–22) do not suggest otherwise.  Plaintiffs do not even bother to dispute that their allegations about Defendant Patel's resignation and the "DHS Safe Haven" do not support scienter.  (*See* Mot. at 24.)

***Knowledge of the Row Hotel's valuation.***  The Opposition presents the same defective theory of falsity: that because Patel spoke in late 2018 about improvements to the Row Hotel's operating income, Colony Credit must have

known at the beginning of the year that the Row Hotel was overvalued and that the Row Hotel Loans should have been written down in January.  (Opp. at 21.)  But the loans were not in default at that time.  (*See* Mot. at 17.)  This hindsight deduction fails to demonstrate scienter for the same reason it fails to show falsity.  And in any event, the "scienter requirement exists because falsity does not always equal fraud." *See Reidinger v. Zendesk, Inc.*, 2021 WL 796261, at *10 (N.D. Cal. Mar. 2, 2021).  Plaintiffs must plead facts from which the Court can infer fraudulent intent for "each of the individual defendants."  *Apollo Grp.*, 774 F.3d at 607.

***Review of loans.***  While Plaintiffs argue that they adequately alleged scienter for Defendant Traenkle because he supposedly admitted to having personally "investigated extensively the Company's valuation of the Hotel" (*see* Opp. at 21), that is inaccurate.  Traenkle said only that someone at the Company reviewed its loan portfolio, not that he personally did.  (Compl. ¶ 158 ("***We've*** gone through the portfolio.").)  And, as explained in the Motion, Plaintiffs plead no particularized allegations that Traenkle knew his statement about the risk of future impairments was false or did not believe it when he made it.  (*See* Mot. at 24.)

***Magnitude of impairment.***  As explained in the Motion (Mot. at 25), the loan-loss write downs later in 2018 do not establish "a strong inference of scienter or contribute[] strongly to such an inference."  *Align Tech.*, 856 F.3d at 622.  Plaintiffs argue that management can be assumed to have knowledge of facts, but they ignore the high bar for this assumption.  (*See* Opp. at 22 (citing *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 786 (9th Cir. 2008)).)  *South Ferry* says that such an assumption is appropriate under the PSLRA only "in ***rare*** circumstances where the nature of the relevant fact is of such prominence that it would be ***absurd*** to suggest that management was without knowledge of the matter."  542 F.3d at 786.  Plaintiffs must "produce either specific admissions by one or more corporate executives of detailed involvement in the minutia of a company's operations . . . or witness accounts demonstrating that executives had actual involvement" in the

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

alleged fraud.  *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014).  Plaintiffs have not done so.

Plaintiffs' other authorities, mostly listed in a footnote (Opp. at 22), are likewise unavailing.  For example, *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 940 (9th Cir. 2003), involved a "sudden flurry of massive insider trading" not present here.  *Berson v. Applied Signal Technology, Inc.*, 527 F.3d 982, 984, 987–88 (9th Cir. 2008), involved omissions about two of defendants' largest customers, who together made up 80% of the company's revenue.  The others all involved significant GAAP violations not alleged here.  *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1206 (D. Colo. 2004) ("large scale recognition of revenue which was improper under GAAP"); *In re Lernout & Hauspie Sec. Litig.*, 208 F. Supp. 2d 74, 87 (D. Mass. 2002) (alleging revenues overstated by 103% in violation of GAAP); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589, 609 (D.N.J. 2001) (alleging "hundreds of fraudulent accounting entries").  Plaintiffs have not met their pleading burden on scienter.

**D.     The Complaint's Section 20(a) claim also fails.**

Plaintiffs do not dispute that if their Section 10(b) claim fails, their Section 20(a) claim also fails, and they do not dispute Defendants' showing that the Complaint fails to plead that any Defendant "exercised actual power or control over the primary violator" for each misstatement.  (*See* Mot. at 25; Opp. at 23.)  And Plaintiffs cannot use Section 20(a) to get around their failure to plead a 10(b) claim.

**III.   CONCLUSION**

Plaintiffs' Opposition makes clear that they have not pleaded a fraud under the PSLRA.  The Court should not permit Plaintiffs to amend because they cannot plead reliance as a matter of law.  Plaintiffs do not dispute that they could not have relied on statements made after they acquired their shares in January 2018.  The Court should dismiss the Complaint with prejudice.

DEFS' REPLY ISO MOT. TO DISMISS
2:20-CV-08305-PSG-PVC

Dated: May 21, 2021                    O'MELVENY & MYERS LLP

By: */s/ Matthew W. Close*
        Matthew W. Close

Attorney for Defendants

DEFS' REPLY ISO MOT. TO DISMISS
                                                                    2:20-CV-08305-PSG-PVC